## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES POLO ASSOCIATION,<br><br>   Plaintiff,<br><br>  v.<br><br>DARRELL GAEBEL,<br><br>   Defendant. | **COMPLAINT**<br><br>Case No.: |

Plaintiff United States Polo Association (the "USPA"), by and through its counsel, alleges as follows:

## NATURE OF THE ACTION

1. This is a case to enforce the USPA's right to recover attorneys' fees from Defendant Darrell Gaebel under the USPA's Amended and Restated By-Laws. Under Article XI of those by-laws, when the USPA prevails on the merits of a lawsuit a USPA member like Gaebel files against it, the member is required to reimburse the USPA for all of its attorneys' fees and costs incurred in the lawsuit, "including all attorneys' fees and costs incurred pre-filing, before the trial court, on appeal, and in any post-trial collection proceedings." As set out in greater detail below, when he was a member of the USPA, Gaebel filed a lawsuit against the USPA. After removing the lawsuit to this Court, the USPA prevailed on the merits. *See Gaebel v. United States Polo Association*, 2022 WL 1509120 (E.D. Va. May 12, 2022), *affirmed*, 2023 WL 4074042 (4th Cir. 2023), *cert. denied*, 2023 WL 4074042. Gaebel, however, has failed to reimburse the USPA, as he agreed.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) because the amount in controversy is greater than $75,000 and there is complete diversity between Plaintiff and Defendant.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Gaebel is subject to the court's personal jurisdiction with respect to this action.

## PARTIES

4.      Plaintiff USPA is a voluntary, non-profit corporation organized in Illinois, with its principal place of business in Wellington, Florida.

5.      Defendant Gaebel is an individual residing in Aldie, Virginia. Gaebel was at all relevant times a member of the USPA.

## FACTUAL ALLEGATIONS

6.      On July 10, 2021, Gaebel participated in a polo game at an event organized by Twilight Polo Club, a USPA member club. During the game, Gaebel and another player—a fourteen-year-old—collided.

7.      Following the game, the USPA received complaints alleging that Gaebel used "foul and racial language" toward the fourteen-year-old after the collision and physically intimidated him after the game.

8.      Pursuant to its procedures, the USPA charged Gaebel with violations of its Code of Conduct.

9.      On August 6, 2021, the Executive Committee of the USPA held a hearing on the charges. The USPA presented five witnesses and Gaebel presented eleven witnesses.

4895-6787-3687 v.1

10.     On August 20, 2021, the Executive Committee issued its Final Order, which found that there was not sufficient evidence to find that Gaebel had directed a racial slur at the fourteen-year-old and, therefore, to conclude that a Conduct Violation had occurred.

11.     On December 15, 2021, Gaebel filed a complaint against the USPA in the Circuit Court for Loudon County, Virginia, asserting five claims arising from the USPA's adjudication of the charges against him. Among other things, Gaebel asserted contract-based claims under the USPA's Constitution and By-Laws based on his status as a member of the USPA. Gaebel alleged that he had "entered a contract with the USPA when he became a Registered Player and thus a paying member of the USPA." And he conceded that he was bound "to conduct himself in a manner in conformity with the USPA Constitution, Bylaws, Rules and Procedures, Code of Conduct, and Membership Terms and Conditions."

12.     In his state-court complaint, Gaebel sought $2,000,000 of compensatory damages, $350,000 of punitive damages, $80,000 in attorneys' fees and costs incurred in his defense of the USPA's disciplinary charges, and attorneys fees and costs in his action against the USPA.

13.     In or around late January 2022, the USPA's outside attorney called Gaebel's attorney, Quendale G. Simmons of Butzel Long, P.C., to discuss Gaebel's lawsuit. The USPA's attorney communicated, in substance, that Gaebel's lawsuit was legally meritless and suggested Simmons urge Gaebel to voluntarily dismiss the lawsuit before both parties wasted resources litigating a motion to dismiss. Simmons communicated, in substance, that he would pass the message on to Gaebel's attorney Mark Dycio of Dycio & Biggs, who was listed on the complaint as "local counsel." Neither Dycio nor Simmons nor any other attorney for Gaebel followed up with the USPA's counsel before the USPA's deadline to respond to the complaint.

4895-6787-3687 v.1

14.     On February 9, 2022, the USPA removed Gaebel's state-court lawsuit to this Court, where it was assigned to the Honorable Leonie Brinkema.

15.     On February 16, 2022, the USPA moved to dismiss Gaebel's complaint.

16.     On March 2, 2022, instead of responding to the USPA's motion to dismiss, Gaebel filed an amended complaint.

17.     The USPA moved to dismiss Gaebel's amended complaint on March 11, 2022.

18.     On May 6, 2022, Judge Brinkema heard argument on the USPA's motion to dismiss Gaebel's amended complaint. Judge Brinkema questioned only Gaebel's counsel. Among other things, Judge Brinkema told Gaebel's lawyers that she was "actually surprised that you filed this case given how weak the evidence is you've alleged in your complaint." At the conclusion of the hearing on the motion to dismiss, Judge Brinkema dismissed all five of Gaebel's claims. On the contract claims, Judge Brinkema observed that while she assumed there was a contractual relationship between Gaebel and the USPA, Gaebel had not alleged any breach of that relationship.

19.     The Court later issued a seventeen-page memorandum opinion on the USPA's motion to dismiss. *See Gaebel v. United States Polo Association*, 2022 WL 1509120 (E.D. Va. May 12, 2022). The Court rejected each of Gaebel's claims on the merits. In dismissing Gaebel's claim for intentional infliction of emotional distress, the Court commended the USPA's conduct as "responsible." Specifically, the Court stated:

> What the USPA did in this case was not outrageous [as Gaebel had claimed]. To the contrary, it was responsible: upon receiving allegations that one of its members used a racial slur against a minor, it held a hearing to get to the bottom of the allegations, and after finding insufficient evidence for the charges, dismissed them. To find such conduct outrageous would deter the USPA and any other private organization from investigating complaints made against its members.

20.     Gaebel timely filed a notice of appeal.

4

21.     Before briefing the appeal in the United States Court of Appeals for the Fourth Circuit, Gaebel and USPA engaged in an unsuccessful court-ordered mediation.

22.     Finding "no reversible error," the Fourth Circuit affirmed the District Court on June 20, 2023. *See Gaebel v. United States Polo Association*, 2023 WL 4074042 (4th Cir. 2023).

23.     Following the Fourth Circuit's affirmance and the expiration of Gaebel's time to seek a rehearing or rehearing *en banc*, the USPA wrote to Gaebel requesting reimbursement of $192,192.47 under Article XI of the USPA's Amended and Restated By-Laws. The USPA attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. Gaebel did not respond to this request.

24.     On September 18, 2023, Gaebel filed a petition for a writ of certiorari in the United States Supreme Court.[1] In his petition, Gaebel identified himself as a member of the USPA and complained about the USPA disciplinary proceeding. But Gaebel's petition did not identify a single federal issue (and there were none in the case). The USPA waived its right to respond to the petition, and the Supreme Court denied the petition on October 30, 2023. *Gaebel v. United States Polo Association*, 2023 WL 4074042.

25.     On November 17, 2023, the USPA again wrote to Gaebel requesting reimbursement of $192,192.47 under Article XI of the USPA's Amended and Restated By-Laws. The USPA again attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. To date, Gaebel has not responded to this request.

---

[1] The petition is available here: https://www.supremecourt.gov/DocketPDF/23/23-280/279795/20230918153106368_Gaebel%20v.%20USPA%20-%20Cert%20Petition%20Final.pdf

4895-6787-3687 v.1

26.     As of December 13, 2023, the USPA had incurred over $201,500 in reimbursable fees and expenses.

## CLAIM I

### (Breach of Contract)

27.     Plaintiff hereby repeats and realleges the allegations in Paragraphs 1 through 26 above and incorporates them by reference as though fully set forth herein.

28.     Gaebel was a member of the USPA at all relevant times.

29.     As a condition of membership, Gaebel agreed to be bound and abide by the By-Laws of the USPA, as published yearly in the USPA Rulebook, and as amended from time to time.

30.     In December 2021, Gaebel filed a lawsuit against the USPA in the Circuit Court for Loudon County, Virginia.

31.     The USPA prevailed on the merits of Gaebel's lawsuit against the USPA.

32.     Article XI of the USPA's Amended and Restated By-Laws provides that "[w]here a Member files a lawsuit or other legal claim against the [USPA] . . ., to the extent that the [USPA] prevails on the merits in such lawsuit or legal proceeding, the Member shall be required to reimburse the [USPA] for all of its attorneys' fees and costs incurred in the lawsuit or other legal proceeding, including all attorneys' fees and costs incurred pre-filing, before the trial court, on appeal, and in any post-trial collection proceedings."

33.     Gaebel has breached his agreement to abide by the By-Laws by failing to reimburse the USPA for all of its attorneys' fees and costs incurred in Gaebel's lawsuit against the USPA, including all attorneys' fees and costs incurred pre-filing, before the trial court, on appeal, and in any post-trial collection proceedings.

34.     The USPA has performed its contractual obligations to Gaebel.

35.     The USPA has been damaged in amount to be proven at trial not less than $201,500.

4895-6787-3687 v.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

a.  Damages in an amount to be determined at trial;
b.  Reasonable fees and expenses incurred in this action, including attorneys'
    fees;
c.  Pre-judgment interest on all such damages;
d.  All such equitable relief required to effectuate the award of damages; and
e.  Such other and further relief as the Court deems just and proper.

Dated:      December 19, 2023

Richmond, Virginia

/s/ *Marina G. Batalias*_____

Marina G. Batalias (VSB 96097)
Nelson Mullins Riley & Scarborough LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: 804.533.2900
Facsimile: 804.616.4129
Email: marina.batalias@nelsonmullins.com
*Counsel for United States Polo Association*

4895-6787-3687 v.1